# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-278V
### Filed: December 8, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ROSEMARIE WARD, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| v. | * | Influenza ("Flu") Vaccine; Shoulder |
| | * | Injury Related to Vaccine |
| SECRETARY OF HEALTH | * | Administration ("SIRVA"); |
| AND HUMAN SERVICES, | * | Special Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Maximillian Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Jennifer Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On February 29, 2016, Rosemarie Ward ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered injuries caused in fact by the influenza vaccination she received on November 22, 2013. Petition at 1, ¶¶ 3-4, 16-17. Petitioner further alleges that she received her vaccination in the United States, has suffered the residual effects of her injury for more than six months, and that neither she nor any other party has filed a civil action or received an award or settlement for her injury alleged as vaccine caused. *Id.* at ¶¶ 3-4, 16-18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 8, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report and Proffer at 1.  Specifically, respondent "believes that petitioner's alleged injury is consistent with shoulder injury related to vaccine administration ("SIRVA")."  *Id.* at 3.  Respondent "agrees that petitioner's claim satisfies the *Althen* requirements and that her alleged injury was caused-in-fact by a vaccination."  *Id.*  Respondent further agrees that "petitioner has met the statutory requirements by suffering the residual effects of her injury for more than six months, . . . [and] has satisfied all legal prerequisites for compensation under the Act."  *Id.* (citation omitted).

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
